THE CITY OF KANSAS CITY, KAN., *et al.*, v. W. C.
PARKER *et al.*

No. 12,653.   (70 Pac. 867.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Insufficient Case-made.* Where a
case-made shows that material items of evidence were considered
by the trial court which are not embodied therein, and which may
be material in the decision of the questions presented by the peti-
tion in error, the case must be affirmed, as this court cannot re-
view the judgment of the trial court on such questions.

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge.   Opinion filed December 6,
1902.   Affirmed.

*T. A. Pollock*, city counselor, and *M. J. Reitz*, city
attorney, for plaintiffs in error.

*Samuel Maher*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: In this action it was sought to
enjoin the collection of a special assessment for the
payment of the cost of curbing and paving.   A pivotal
question in the case was whether the curbing and
paving were placed upon the grade directed by ordi-
nance, and whether, in the cost of such improvement,
there was surreptitiously included the cost of some
grading which was done by the paving contractor.
The court below made the injunction perpetual.   The
city is here as plaintiff in error.

The integrity of the case-made is attacked.   It ap-
pears that a certain map was introduced in evidence
and considered by the court which is not embodied in
the case-made.   It was touching a material matter,
was considered by the court, and seems to have
thrown some light, at least, on the question whether

the pavement was laid upon a proper grade.   It also appears that a profile or map of the grade of the street in question, showing what was claimed to be the proper grade, and also the grade upon which the curbing and paving were placed, was exhibited to the court and used as a basis of testimony by the witnesses, without which this evidence is not intelligible, but which was not formally introduced in evidence. This is not attached to the case-made.   It is very clear that these maps considered by the court were quite material and illuminated some of the vital questions in the case.

In order for us fairly to pass on the questions presented, we must be placed in the same position occupied by the court below.   It is fair neither to that court nor to the defendants in error to do otherwise, for, without all of the light which the trial court had on the litigated questions, we cannot be called on to say that error was committed by it.   In the case of *Railway Co. v. Williamson*, an opinion *per curiam*, noted in 58 Kan. 814, and reported in 49 Pac. 157, this court said :

"There is a statement in the record that it contains all the evidence offered on the trial, but it also appears that a blue-print map of the railroad-track and depot grounds where the injury was inflicted was received in evidence and is not included in the record.   It was frequently referred to by the parties and their witnesses, and cannot be regarded as unimportant.   In the absence of all the evidence, the questions based upon its sufficiency cannot be considered, and none of the other questions is deemed to be material."

Because we are not placed in a position to say that the court below erred, its judgment will be affirmed.

All the Justices concurring.

SMITH, J., not sitting, having been of counsel.