W. F. DENDY *et al.* v. THE FIRST NATIONAL BANK OF
COBLESKILL, NEW YORK.

**No. 12,877.** ( 71 Pac. 830.)

Error from Reno district court; M. P. SIMPSON, judge.
First opinion filed March 7, 1903. Dismissed. Rehearing
granted. Second opinion filed November 7, 1903. Re-
versed.

*Fairchild & Calkin*, *Whitelaw & Taggart*, *N. W.
Wells*, *G. C. Clemens*, and *Eugene Hagan*, for plaintiffs
in error.

*John D. Milliken*, and *H. Whiteside*, for defendant. in
error.

*Per Curiam :* This is a proceeding in error brought to
reverse a judgment given plaintiff below for the possession
of property claimed by it under a chattel mortgage. The
only serious questions presented are such as require for
their determination the examination of the evidence. The
case-made contains specific recitals that it includes all the
evidence. But in two instances it has recitals of the ad-
mission of certain exhibits, designated as exhibits "F,"
"G," and "I," followed by the expression, "in words and
figures as follows, to wit," and the exhibits are not given.
These obvious omissions overcome the certificate that the
evidence is all in the record, preclude an examination of
the errors alleged, and require an affirmance of the case,
especially as the most important error alleged is an instruc-
tion by the trial court that the undisputed evidence showed
the filing of a certain mortgage, while it is claimed that the
record contains no such evidence whatever. The "undis-
puted evidence" referred to may have been contained in
these omitted exhibits. (*Kansas City v. Parker*, 65 Kan.
734, 70 Pac. 867 ; *Railway Co. v. Williamson*, 58 Kan. 814,
49 Pac. 157.) It is true that the record at another place than
that referred to shows exhibits "F," "G" and "I" of a cer-
tain deposition, but nowhere do we find anything to iden-
tify these as the omitted exhibits.

The proceeding in error is therefore dismissed.

UPON REHEARING.

( 74 Pac. 268.)

*Per Curiam :* The First National Bank of Cobleskill. New
York, brought replevin against Dendy & Peck for certain
cattle, claiming under a mortgage made by L. M. Hyre,

and recovered judgment.   Plaintiff's case depended upon proof of a copy of the mortgage's having been duly filed in Kingman county.   The record brought here shows no evidence of such fact.   This necessitates a reversal, unless the proceeding in error should be dismissed.   At a former hearing a dismissal was ordered, for the reason that, while the record purported to contain all the evidence, several exhibits referred to as introduced in evidence were not shown, this situation authorizing a presumption that the item of evidence referred to might have been furnished by one of these exhibits in the form of a certified copy of the paper filed with the register of deeds.   A serious doubt, not of the principle involved, but of its applicability to the facts of the case, led to the granting of a rehearing.   Upon further examination of the record in the light of suggestions made by counsel for plaintiff in error, we are convinced that it is possible to identify the only important exhibits that are apparently omitted with instruments already shown in full in the record.   The motion to dismiss on this ground will, therefore, be overruled.

It is also urged that the case should be dismissed because not brought by the real party in interest.   The facts relied on to sustain this contention are that Dendy & Peck bought the cattle in controversy of one Paul Russell, under a warranty of title, and in reliance upon this warranty have left the management of the litigation to their grantor, being themselves indifferent to the result.   These circumstances do not bring the case within the rule invoked.

The judgment is reversed and a new trial ordered.