W. O. DISNEY v. THOMAS J. HEALEY *et al.*

No. 14,545.    (85 Pac. 287.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*New Promise—Tolling the Statute.* The petition in this case had letters attached which were alleged to have been written by Thomas J. Healey, one of the makers of the note, to the payee thereof. *Held,* that the letters were *prima facie* an acknowledgment of the debt, and tolled the statute of limitations as to their author.

2. CONTRACTS—*Agreement by Grantee to Pay Grantor's Debt— Liability.* A grantee who accepts a deed of conveyance of land, and by a contract not set forth in the deed agrees to pay the grantor's debt secured by a mortgage on the land, is liable on such contract in an action by the mortgagee, even if a recovery on the note secured by the mortgage would have been barred by the statute of limitations but for an acknowledgment of the indebtedness by the grantor which tolled the statute as to him, provided such acknowledgment was made before the conveyance.

Error from Logan district court; JAMES H. REEDER, judge. Opinion filed March 10, 1906.    Reversed.

STATEMENT.

THIS action was commenced on the 25th day of February, 1905, by the plaintiff in error, in the district court of Logan county, upon a promissory note secured by a real-estate mortgage given by defendants Thomas J. Healey and wife, which note by its terms matured December 1, 1895.    To the petition were attached, as exhibits, alleged copies of letters written by

Healey to the plaintiff, which letters, it is claimed, tolled the statute of limitations. The petition also alleged that shortly before the commencement of the action Healey and wife had conveyed the mortgaged premises by deed to defendant Jordan. The defendants filed a general demurrer to the petition, which demurrer was by the court sustained, and, the plaintiff electing to stand upon his petition, the court rendered judgment against him and he brings the case here for review.

*Lee Monroe, W. F. Schoch,* and *E. P. Hotchkiss,* for plaintiff in error.

*W. H. Wagner,* and *Roark & Roark,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: Several of the letters attached as exhibits to the petition seemed to acknowledge an indebtedness or obligation from Healey to Disney; probably the following, under the date of April 9, 1900, less than five years before the commencement of this action, is the strongest, to wit:

"*W. O. Disney, Russell Springs, Kan.:* DEAR SIR AND FRIEND—Yours enclosing deed to execute received. You don't say anything about canceling my note. I am willing to make the deed, but must have the note and mortgage released, and note returned to me.

Yours truly,      T. J. HEALEY."

We think this is a sufficient acknowledgment of an indebtedness to toll the statute, being, in effect, a proposition to deed land in consideration of the release of the note and mortgage and the return of the note. (*Pracht v. McNee,* 40 Kan. 1, 18 Pac. 925.) Healey had the legal title to the land at the time he acknowledged the indebtedness.

The question remains whether the defendant Jordan was bound by his alleged contract with Healey to assume and pay the latter's indebtedness to the plaintiff.

It was said by Mr. Justice Brewer, in *Schmucker v. Sibert*, 18 Kan. 104, 26 Am. Rep. 765:

"Where a note and mortgage are once barred, a subsequent revivor of the note by part payment, promise, or acknowledgment of the payor, will revive the mortgage so far as it affects the interest of the payor in the mortgaged premises." (Syllabus.)

The mortgage, as well as the note, was therefore revived as to Healey at the time of the conveyance, by himself and wife, of the land to Jordan, and the latter took it subject to the mortgage lien, and agreed, in consideration, or in part consideration, of such conveyance, to pay the mortgage indebtedness. The mortgage was revived as to him, and the statute of limitations as to him commenced to run at the time of such conveyance. (*Schmucker v. Sibert, supra.*)

The judgment of the district court is reversed, and a new trial granted.

All the Justices concurring.