## J. N. HAWKINS *et al.* v. MILTON BROWN.

No. 15,506.    (97 Pac. 479.)

### SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Review of Order Overruling a De-- murrer.* An order overruling a demurrer made and entered more than one year before the filing of the record in the supreme court can not be reviewed.

2. ——— *Subject-matter in Custodia Legis—Suspension of the Statute.* . The fact that the subject of an action is held *in. custodia legis* in another action in which the defendant is not. a party nor in privity with a party, and over which he has no. control, will not suspend the running of the statute in his favor.

3. ——— *Acknowledgment of a debt.* An acknowledgment in writing that a debt once existed, but which does not contain an admission of a present, subsisting debt on which the party is liable, is insufficient to avoid the bar of the statute of lim- itations.

4. JURISDICTION—*Joinder of Parties—Process Served in Another County.* A defendant who is served with summons in a. county other than the one in which the action is brought will not be held bound by such service if the resident defendant. was joined for the purpose of obtaining jurisdiction of the person of the former and not in good faith to recover a judg- ment against him.

5. ——— *Same.* The rule above stated will not be applied against an innocent party who, in good faith and in the honest. belief that his cause is just and that he has a right to re- cover against the resident defendant, is defeated by him upon the plea of the statute of limitations, after a full trial.

Error from Rice district court; JERMAIN W. BRINCK- ERHOFF, judge. Opinion filed June 6, 1908. Modified.

*George Lynn Miller,* and *Orlo H. Foster,* for plain- tiffs in error.

*George H. Whitcomb, Clad Hamilton, Z. T. Hazen,* and *R. H. Gaw,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The record in this case requires a consideration of the statute of limitations and several questions of practice. A motion to dismiss the proceeding here because of the omission from the case-made of one of several orders extending the time to make and serve it is denied, the plaintiff in error having supplied a certified copy of the order. The error assigned upon the orders overruling the demurrers to the amended petition can not be considered, more than one year having elapsed after the orders were made before the record was filed in this court. (*Railway Co. v. Murphy*, 75 Kan. 707, 90 Pac. 290.) The alleged error in denying the motion for an order requiring the plaintiff to make his reply more definite and certain can not be reviewed, because the reply was amended and the amended reply, which was held sufficient, is not contained in the record. The rulings of the court in receiving testimony of which the defendants complain can not be considered because the record does not contain the motion for a new trial, if any was filed.

Defendant Hawkins was the maker of, and defendants J. S. and C. D. Moots were indorsers upon, two promissory notes, the subject of the action. Service was made upon Hawkins in Rice county, where the action was brought, and on the other two defendants in Haskell county. These two moved for a dismissal of the action upon the ground that the district court of Rice county had no jurisdiction of the subject of the action or the persons of the defendants named. The point urged for such dismissal was that upon the face of the petition it appeared that the action was commenced more than five years after the notes fell due, that the causes of action thereon against Hawkins were barred by limitation, and, as there was no right to recover against him, the indorsers had been improperly joined. This motion was denied. In all subsequent

pleadings J. S. and C. D. Moots included this objection or plea to the jurisdiction upon the same grounds. The merits of this defense will be further referred to. The action having been commenced more than five years after the maturity of the notes, the plaintiff in his amended petition sought to avoid the apparent bar by pleading the pendency of certain actions in the Haskell county district court, wherein, it was alleged, these notes had been impounded and held *in custodia legis* for over five years. It was not claimed that Hawkins was a party in such actions, or in privity with any party thereto, but it was alleged that the other defendants had entered into a conspiracy with the plaintiff in one of the actions to keep the notes in litigation until the bar of the statute should fall.

Defendant Hawkins, after the demurrers to this petition were overruled, answered, affirmatively pleading the five-year limitation, to which the plaintiff replied by restating the proceedings in the other action pleaded in his petition, and also pleading certain written acknowledgments of the indebtedness in further avoidance of the apparent statutory bar. Defendants, J. S. and C. D. Moots also pleaded the limitation of the action against Hawkins with their plea to the jurisdiction before referred to. On the trial the plaintiff introduced transcripts of the proceedings in the other actions set out in his petition, and also offered evidence tending to show that about two years after the notes became due Hawkins, the maker, had conveyed to J. S. and C. D. Moots a tract of land, upon their agreement to procure and surrender to him the notes, which were then held under the orders of the court in the cases referred to. The deed of conveyance was in the ordinary form, making no reference to the notes. To prove the acknowledgment of indebtedness, in order to avoid the apparent bar of the statute, the plaintiff read letters, written and signed by Hawkins and addressed to the plaintiff, referring to this transaction, in answer to

inquiries made by him concerning these notes. In one of these letters he said:

"In regard to the note or notes I give Moots Brothers —was for land, and I failed on two crops of wheat; I expected to make money that way to make the payments on the land, and when I failed twice I turned it back to them; they promised to give me back the notes, but never done it; I was careless and that is how it is about the Moots Brothers notes. . . . I am willing to pay all my just debts, but not able to pay them twice; I want to do the fair thing, too; don't want to beat you out of your just rights, neither be done up my-self."

In another letter he wrote:

"I can't find any letters from any one, but I know that Moots promised to send me the note whenever the notes got in shape that he could get them, and I had forgotten all about them until you begun to write me."

These writings, shown by other testimony to relate to the notes in suit, sufficiently acknowledge an indebtedness at one time, but do not acknowledge a subsisting liability. On the contrary they allege a payment, and, by implication, deny further liability. The statute provides that an acknowledgment of an existing liability, debt or claim, in writing, signed by the party to be charged, shall remove the bar. (Civ. Code, § 24.) Construing this statute, this court has held that this acknowledgment must be an admission of a present, subsisting debt. (*Hanson v. Towle, Adm'r*, 19 Kan. 273.) It is true that in *Elder v. Dyer*, 26 Kan. 604, 40 Am. Rep. 320, some expressions in the opinion in *Hanson v. Towle, Adm'r, supra*, were limited, but the rule just stated was not restricted, and in *Haythorn v. Cooper*, 65 Kan. 338, 69 Pac. 333, the decision in *Hanson v. Towle, Adm'r*, was reaffirmed, reiterating that there must be "an unqualified and direct admission of a present, subsisting debt on which the party is liable." (Page 340; *Hanson v. Towle, Adm'r*, 19 Kan. 273.)

Measured by this rule the letters were insufficient to remove the bar of the statute.

The proceedings in the district court of Haskell county did not affect the rights of defendant Hawkins, for he was a stranger thereto. It can not be that the inconvenience or the practical difficulty of bringing an action upon a promissory note, because it is involved for the time in litigation in an action between other parties, can suspend the operation of the statute of limitations on such instrument against a person who is in no way responsible for, involved in, or connected with, the litigation. So to hold would be to read into the statute a proviso or condition not placed there by the lawmakers. In reaching this conclusion we have considered the proceedings in the actions referred to as they are pleaded in the amended petition, the transcripts not being included in the case-made. The effect of this omission, and whether we can review the judgment at all, will now be considered.

The plaintiff contends that because these transcripts are not in the record this court can not review the judgment overruling the demurrer to the evidence. As a general rule it is true that when material items of evidence are omitted from the record this court can not review a judgment rendered upon a demurrer to the evidence. (*Kansas City v. Parker,* 65 Kan. 734, 70 Pac. 867.) These transcripts, however, were only material for one purpose, viz., to support the plaintiff's claim that the bar of the statute was not available as a defense because of the fact that the notes had been held in the litigation in the district court of Haskell county, as averred. If, therefore, we give to the missing transcripts the full legal effect warranted by the plaintiff's pleading he can not be injured. It is entirely fair to the plaintiff to say that they proved just what he claimed in his pleadings, viz., that these notes were seized and held in those actions for the time and disposed of in the manner alleged. In an opinion *per*

*curiam* (*Railway Co. v. Williamson*, 58 Kan. 814, 49 Pac. 157) the court held that a map received in evidence and frequently referred to by witnesses in giving testimony was not unimportant, and that, in its absence from the record, the sufficiency of the evidence could not be considered. A map thus referred to by witnesses becomes a part of their testimony, without which the evidence may be unintelligible or misleading, but the situation here is quite different. The transcripts constituted distinct items of testimony, unconnected with any other evidence, and their legal effect can be determined quite as well by the pleading as by reading them. It must be kept in mind, too, that we are considering them as alleged by the plaintiff himself, and giving them the full effect to prove the proceedings as alleged in his petition. The record affirmatively shows that these transcripts were read in evidence, and that the case contains all the evidence except the transcripts. In this condition of the record, for the reasons stated, we hold that the action of the district court upon the demurrer can be reviewed.

The court overruled the demurrer of defendant Hawkins to the evidence, and also the demurrers of the other defendants. The defendants offered no testimony, and judgment was rendered against them for the amount of the notes. The only issue of fact was upon the question of limitations. The evidence consisted of the transcripts and the testimony, before referred to, of written acknowledgments to remove the statutory bar. Holding this evidence insufficient, we conclude that the demurrer of Hawkins to the evidence should have been sustained.

Defendants J. S. and C. D. Moots, while they also demurred to the evidence, rely upon the bar of the statute in favor of Hawkins as being sufficient to relieve them from liability in this action, on the theory that, as no cause of action existed against Hawkins, they were improperly summoned and the court had no

19—78 KAN.

jurisdiction to enter judgment against them. All the parties liable upon the same instruments may be joined as defendants in an action thereon. The venue may be in any county where a defendant resides or may be summoned, and when "rightly brought" in one county a summons may properly be issued to another county. (Civ. Code, §§ 39, 55, 60.) We must therefore determine whether the action was rightly brought in Rice county. As service of summons upon defendant Hawkins, the maker of the note, was made in that county, the service upon the other defendants in Haskell county was *prima facie* regular. It is argued, however, that if Hawkins was not legally liable upon the instrument the court could have no jurisdiction of his codefendants by service made in another county. In other words, it is insisted that the jurisdiction of the court to try the issues depended upon the result of such trial. Perhaps a better statement is that it is claimed that if the trial revealed the fact that no cause of action existed against the resident defendant the court had no jurisdiction to pronounce judgment against the other defendants, because it then became apparent that they had not been properly brought before it. In *Rullman v. Hulse,* 32 Kan. 598, 5 Pac. 176, the action was upon promissory notes made by three persons. An action was brought in Doniphan county before the notes were due. Under section 230 of the civil code a summons and order of attachment were issued to Brown county, and service was made upon a defendant in that county, which was set aside upon his motion. One of the defendants resided in Doniphan county, but no wrong or fraud was alleged against him, and the notes were not due. There was not and never had been a cause of action against him. The court said:

"There is not even any pretense that there was the slightest ground for an attachment as against Rose. The action was therefore wrongfully commenced as against Rose, in whatever aspect we may view it; and as it was wrongfully commenced against Rose, it could

Hawkins v. Brown.

not rightfully have been commenced against Hulse in Doniphan county. . . . Before a summons can be rightfully issued from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action, adverse to the plaintiff, and against whom some substantial relief may be obtained." (Page 600.)

This decision was reviewed on rehearing in 33 Kan. 670, 7 Pac. 210, and was referred to in *Linney v. Thompson*, 44 Kan. 765, 25 Pac. 208, where it was said: "In the Rullman case the question was whether an attachment should be dissolved or not. See particularly this case on rehearing." (Page 768.) In the earlier case of *Brenner v. Egly*, 23 Kan. 123, it was held:

"In no case can an action for money on a promissory note or other joint and several contract be brought outside of the county where the defendant resides or may be summoned, by merely uniting with him as a codefendant some unreal or imaginary party, against whom no judgment could be properly rendered." (Syllabus.)

In that case the cause of action against the defendant served in the county where the venue was laid had long before been merged in a judgment, and he was joined merely to bring the other defendant to that county for trial. In the opinion it was said:

"And in such a case no judgment should be rendered against the real party; for presumedly the service of summons upon him was procured wrongfully, and in violation of the spirit of said sections 55 and 60. In such a case, the action should be dismissed as to said real party." (Page 127.)

This matter was again considered in *Wells v. Patton*, 50 Kan. 732, 33 Pac. 15, where it was held that the party claiming that service upon him was wrongful had waived his supposed rights by answering to the merits and proceeding to trial without asking for a separate hearing upon the question of jurisdiction. In the syllabus it was held:

"Where a defendant to a civil action pending in a

county other than that of his residence is served with a summons in such a way as to be an abuse of legal process, and the fraud being shown in time, the court will, upon proper proceedings, set aside the service."

In *National Bank v. Town Co.*, 51 Kan. 215, 32 Pac. 902, the quotation previously made from the Rullman case was approved, and it was held that when the court has jurisdiction of the subject-matter and the action is brought against a defendant in the wrong county, and there is sufficient in the petition to challenge the jurisdiction as to the liability of both defendants, and both are held liable, although improperly joined, the judgment rendered against the defendant served in the wrong county is not void. It was held further that in such a case advantage of the defective service ought to be taken by "motion, plea or otherwise." (Page 220.) This subject was again referred to in *Marshall v. Land Co.*, 75 Kan. 445, 89 Pac. 905, but the facts there presented were such that a quotation from the opinion would not be applicable.

The opinion in *Parker v. Dobson, ante*, p. 62, reflects much light upon this subject. Dobson brought an action in Franklin county against the makers of a note, including one who was served in that county and Parker, who was served in Shawnee county. He dismissed the action without prejudice as to the defendant served in Franklin county, whereupon Parker moved for a dismissal also, which motion was allowed. Dobson then commenced another action against Parker within one year after such dismissal. But for the operation of section 23 of the civil code the cause of action was barred. The question presented was whether the first action, which was commenced in due time, was "an action commenced" within the meaning of that section. It was claimed that it was not, for the reason that the cause of action had become barred by the statute of limitations before that action was commenced. The court found that the first action against both defendants had been commenced in good faith, in

Hawkins v. Brown.

the honest belief that a payment on the note made by Parker tolled the statute as to both and that plaintiff had a right to recover against both. The trial court held that the first proceeding was an action commenced within the meaning of the section named, and gave judgment against Parker accordingly, and that judgment was affirmed here. Mr. Justice Burch, in the opinion, said:

"The district court has found that the plaintiff sued Mary L. Parker believing in good faith that he had an enforceable claim against her. She was not a nominal party, joined merely for the purpose of obtaining service upon the defendant. No fraud upon the jurisdiction of the court was intended or committed, and no wrong was done the defendant because of the manner in which the proceeding was instituted.

"There is no finding that the bill of particulars disclosed the fact that action against Mary L. Parker was barred, but the propriety of the proceeding would not be affected if it had done so. The fact that a right of action has become barred by lapse of time is a defense which must be actively urged in some proper way or it will be waived. The obligation of Mary L. Parker to pay the note remained, and still remains. The defense was personal to her. The defendant could not interpose it for her, and unless she chose to appear and claim the benefit of the statute judgment could rightfully be rendered against her. . . . It is said that when the court set aside the service upon the defendant it must have found that a fraud upon its jurisdiction had been attempted. Manifestly it was not essential that the court so find to warrant a dismissal as to the defendant; no facts existed authorizing such a finding, and as a matter of fact the court did not so find." (Pages 66, 68.)

The rationale of the prior decisions of this court is that where the court has jurisdiction of the subject-matter, and the joinder is one authorized by the code, the defendant served in another county will not be held if the resident defendant was joined for the purpose of acquiring jurisdiction over the former and not in good faith to recover against him. Such a case affords an

instance of that abuse of process against which courts will always give relief upon proper application. In some of the opinions language may have been used indicating more than this, but the opinion in *Parker v. Dobson, ante,* p. 62, marks the limit of the rule to cases where an improper use is made of the process of the court. It must not be applied to an innocent party who in good faith and in the honest belief that his cause is just has joined as defendants the different parties to a promissory note and has been defeated by one of them, after a full trial, by the successful plea of the statute of limitations.

This was not a case where it was obvious that the plaintiff had no right to recover against Hawkins, so that it might be charged that his joinder was merely a ruse to obtain jurisdiction over his codefendants, for the district court not only overruled the demurrer to the amended petition but gave judgment against him on the evidence—a judgment which, it is true, we now hold can not be sustained, but we find nothing to indicate bad faith or an intentional misuse of process on the part of the plaintiff. The record shows an honest effort to collect an honest debt in the usual and ordinary way. The legal obstacle to a recovery against Hawkins might have been waived by him, in which event his codefendants could not have complained. By his insistence upon it they gained no additional rights.

The only defense interposed by J. S. and C. D. Moots being their plea to the jurisdiction, which is not sustained, the judgment against them must stand. The record shows that they received from Hawkins a conveyance of real estate in consideration of which they promised in writing to pay these notes. This tolled the statute as to them, even if that defense had been interposed.

The judgment against J. S. and C. D. Moots is affirmed. The judgment against J. N. Hawkins is reversed, and the cause remanded for further proceedings in accordance with this opinion.