No. 18,964.

LELA HAMILTON, *Appellant*, v. H. E. BEAUBIEN, *Appellee*.

SYLLABUS BY THE COURT.

NOTE—*Limitation of Actions—Acknowledgment of Debt.* A general reference to an indebtedness of the author of certain letters or expressions in them of a desire and purpose to raise and pay money to one who was the holder of an obligation is not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient it must be a distinct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable.

Appeal from Ford district court; GORDON L. FINLEY, judge. Opinion filed July 7, 1914. Affirmed.

*Thomas A. Scates, Albert Watkins,* both of Dodge City, and *W. A. S. Bird,* of Topeka, for the appellant.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The sole question presented on this appeal is whether or not certain letters set out in appellant's petition were sufficient to toll the statute of

Hamilton v. Beaubien.

limitations on a certain promissory note. Holding that
they did not, the trial court sustained appellee's de-
murrer to the petition. It appears that on May 20,
1907, the appellee, H. E. Beaubien, gave his certain
promissory note, by which he promised to pay, in sev-
enty days thereafter, $300, with interest at ten per cent
per annum from date until paid, to Dr. W. C. Hamilton
or order. Hamilton, as it was alleged, transferred the
note by indorsement on September 1, 1912, to the ap-
pellant, Lela Hamilton. It was also alleged that after
the maturity of the note and up to December 1, 1912,
Hamilton, the payee, made frequent demands on Beau-
bien for payment, and in answer to an urgent demand
the appellee wrote Hamilton under date of February
11, 1910, in which appellee said that he had "expected
to make a little raise of some money and go down to
Topeka to see you this winter, but was disappointed,"
and then added, "Just as soon as I get hold of a little
money I will either send it to you or come down my-
self." On August 3, 1911, appellee answered a letter
of the payee and said in part, "I will send you all the
money I can as soon as I thresh. Probably about the
first of September." To one of appellant's attorneys,
with whom the note had been placed for collection, the
appellee wrote, in part, under date of October 6, 1912:

"I regret to hear of Dr. Hamilton's illness and regret
still more on account that I can do nothing at this
time to help out. If I could even send him a little
something so he might know I had not forgotten him
I would feel better.

"You don't realize how I regret it for Dr. Hamilton
has been a good friend to me and it hurts me more
than I can tell that I am unable to do my duty by him.
I am getting better now and am in hopes that in a
short time I may be able to send them some money.
I would like very much to go and see the Dr. He
has been on my mind a great deal this summer but I
can't go near him until I can bring him some money.
I sincerely hope my old friend will regain his health,
and that I may be able to send him some money in the

60—92 KAN.

near future. Will you kindly explain this to Mrs. Hamilton and tell her that I will do my best to raise some money for her."

These are the only statements in Beaubien's letters which bear upon the acknowledgment of the indebtedness. It will be observed that the debtor does not mention his note nor refer to any particular demand or debt and nothing is said about the character or amount of the debt. If we may look to other sources for the identification of the demand there is still nothing in the letters which constitutes an unqualified acknowledgment of a present, subsisting debt upon which he is liable. In *Hanson v. Towle, Adm'r*, 19 Kan. 273, it was held that a mere reference to an obligation or instrument wherein the debtor spoke of raising and paying money and did not even question the binding obligation of an instrument was not such an acknowledgment as was contemplated by the statute, but that in order to bar the limitation "There must be an unqualified and direct admission of a present subsisting debt on which the party is liable, and which he is willing to pay." (Syl. ¶ 4.)

In *Elder v. Dyer*, 26 Kan. 604, 40 Am. Rep. 320, the court disapproved of the clause used in *Hanson v. Towle, Adm'r*, "which he is willing to pay." It was reiterated there, however, that a reference to a demand or instrument which might or might not be valid did not, of itself, constitute an acknowledgment of a present and subsisting liability. Some language was used in *Elder v. Dyer* which might seem to modify the rule of *Hanson v. Towle, Adm'r*, in other respects, but the doctrine of that case was expressly reaffirmed in *Haythorn v. Cooper*, 65 Kan. 338, 69 Pac. 333, where the debtor, in terms, referred to a mortgage made by him and owned by the holder, and it was held that notwithstanding the expression in *Elder v. Dyer* there must be an unqualified and direct admission of a

present, subsisting debt on which the party is liable.
It was also remarked that:

"Statutes of limitation are statutes of repose.    One
seeking to evade their result must bring himself within
the terms of the statute which raises the bar.    A
writing which is no more consistent with the claim
that an acknowledgment was intended than with the
claim that it was not is not sufficient to remove the
bar."  (p. 340.)

In the recent case of *Hawkins v. Brown,* 78 Kan.
284, 97 Pac. 479, the rule of *Hanson v. Towle, Adm'r,*
was again approved, and it was there held that:

"An acknowledgment in writing that a debt once
existed, but which does not contain an admission of a
present, subsisting debt on which the party is liable,
is insufficient to avoid the bar of the statute of lim-
itations."   (Syl. ¶ 3.)

Other cases supporting that view are: *Durban v.
Knowles,* 66 Kan. 397, 71 Pac. 829; *Good v. Ehrlich,*
67 Kan. 94, 72 Pac. 545; *Richards v. Hayden,* 8 Kan.
App. 816, 57 Pac. 978.

The phraseology of an acknowledgment is not im-
portant, but to remove the bar something more than
vague general expressions of a desire and purpose to pay
money to another is necessary, and nothing short of a
distinct, direct and unequivocal admission of a present,
subsisting liability is sufficient.   Beaubien's letters con-
tain expressions of a desire to help Hamilton and of a
purpose to raise and pay money to him, and they also
contain an expression of regret that he has not been
able to do his duty towards Hamilton, but an examina-
tion of the letters shows that they fall short of an ad-
mission from which an acknowledgment such as the
statute contemplates may be implied.

The judgment of the district court will be affirmed.