No. 20,206.

S. H. CORBETT, *Appellee*, v. J. N. HOSS, *Appellant*.

### SYLLABUS BY THE COURT.

DEBT—*Limitation of Action—Insufficient Acknowledgment of Liability.*
In a letter replying to one written by the plaintiff regarding an account of the defendant against which the statute of limitations had run, the defendant said:

"Yours letter of the 14th at hand and will say in reply that it is impossible for me to pay any on my account at present I am sorrow that I have got in such shape but I have done all that I can my beets did not make as much last year as I thought and they put me in the hole but I will try and scratch out if you will only be pacient with me I have no beets this year I put out lots of oats and barley and it is no good I cant get me seed back it looks discouring to me at present. I thank you for past favors and hope that I may be able to pay you soon."

*Held,* that the letter does not constitute an acknowledgment within the meaning of section 23 of the civil code.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed June 10, 1916. Reversed.

*Albert Hoskinson, A. Schulman,* and *R. W. Hoskinson,* all of Garden City, for the appellant.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment of the trial court overruling a demurrer to the plaintiff's petition. The action was upon an account more than three years old at the time the action was commenced, and the sole question is whether a certain letter written by the defendant to the plaintiff was sufficient to toll the statute of limitations. The letter was as follows:

"Yours letter of the 14th at hand and will say in reply that it is impossible for me to pay any on my account at present I am sorrow that I have got in such shape but I have done all that I can my beets did not make as much last year as I thought and they put me in the hole but I will try and scratch out if you will only be pacient with me I have no beets this year I put out lots of oats and barley and it is no good I cant get me seed back it looks discouring to me at present. I thank you for past favors and hope that I may be able to pay you soon."

It is contended that this letter does not remove the bar of the statute because it does not sufficiently identify the debt referred to therein and does not contain a direct and unqualified acknowledgment of an existing debt for which the defendant was liable. To revive a debt by this means there must be an explicit written acknowledgment signed by the debtor, of an existing debt upon which he is then liable. (Civ. Code, § 23; *Hanson v. Towle, Adm'r.,* 19 Kan. 273; *Haythorn v. Cooper,* 65 Kan. 338, 69 Pac. 333; *Hawkins v. Brown,* 78 Kan. 284, 97 Pac. 479; *Hamilton v. Beaubien,* 92 Kan. 944, 142 Pac. 245.)

In the Beaubien case it was held that no particular form of acknowledgment was essential to revive the debt, but that the writing must be a direct and unequivocal admission that the party is then liable for the debt upon which the action is brought. It was further held that a general reference to an indebtedness and the expression of a desire to raise the money with which to pay it would not remove the bar of the statute. The defendant's letter refers to an account without stating the character or amount of it or the time when it became due and does not plainly identify the debt. In 25 Cyc. 1330, it is said:

"The general rule is that an acknowledgment or promise to pay, in order to take the debt out of the statute, must satisfactorily and certainly appear to refer to the very debt in question."

Apart from the indefiniteness of the reference to the account or debt, the letter does not measure up to the rule laid down in the cases cited as to what acknowledgment will waive the bar of the statute of limitations.

In the Towle case the indebtedness referred to was in the form of notes and in the letters relied on for the removal of the bar a reference was made to the notes, a desire to pay them and no question raised as to their validity. The sources from which the debtor expected to obtain money were also mentioned. This letter was a closer approach to an acknowledgment than is that of the defendant herein, but the court held it to be insufficient, saying:

"A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a suggestion of some action in reference to it, is not such an 'acknowledgment' as is contemplated by the statute. This must be an unqualified and direct admission of a present-subsisting debt on which the party is liable, and which he is willing to pay." (p. 281.)

In the letter of the defendant he says in effect that he is sorry that he is unable to pay any on his account at the present time and adds: "I thank you for past favors and hope that I may be able to pay you soon." The character of the account or what were the past favors the letter itself does not specifically disclose. It does no more than to make a general reference to an indebtedness, and under the cases cited it can not be regarded as a distinct and unequivocal admission of a present-existing debt upon which the defendant is liable and is not such an acknowledgment as is contemplated by the statute.

The judgment of the district court will therefore be reversed and the cause remanded with instructions to enter judgment in favor of the defendant.