No. 22,670.

CHARLES MILES and ANNA MILES, *Appellants*, v. J. A. HAMILTON, *Appellee*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Demurrer to Petition Sustained—Amended Petition Filed —Demurrer to Amended Petition—Matters Reviewable on Appeal.* Where a demurrer to a petition is sustained and the plaintiff thereupon by leave of the court files an amended petition amplifying but not materially changing or adding to the original allegations, it cannot be successfully urged upon an appeal taken from an order sustaining a demurrer to the amended petition, that the ruling on the first demurrer, because not appealed from, is conclusive upon the appellant as to the questions of law there involved; a sufficient reason for denying such contention is that the filing of the amended petition precluded an appeal from the order sustaining the first demurrer.

2. NOTE AND MORTGAGE—*Default in Interest Payment—Entire Principal Becomes Due—Statute of Limitations Begins to Run.* Where a real-estate mortgage given to secure a note provides that if default is made in an interest payment the principal shall at once become due, the statute of limitations begins to run immediately upon such default, and its operation is not suspended and the renewal thereof postponed to the date of the original maturity, or of a new default, by the subsequent payment of the interest and a part of the principal, even if accompanied by an agreement, not based on any other consideration, for an extension of the time of payment to the time stated in the note.

3. SAME—*Certain Letters Not an Acknowledgment of Personal Liability to Pay Note.* A letter written to the owner of a mortgage by one who has purchased the mortgaged realty and become personally liable upon the debt by assuming its payment, in which he indicates an intention to pay off the lien, does not amount to such an acknowledgment of personal liability as to afford a new starting point for the

Miles v. Hamilton.

statute of limitations, although it concludes with the words: "I am going to make some kind of sale or deal . . . if it does lose me considerable, so I can meet your mortgage without much longer delay, hoping to do so before this may cause you more annoyance."

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed May 8, 1920. Affirmed.

*O. A. Keach,* of Wichita, for the appellants.

*A. L. L. Hamilton,* and *J. B. McKay,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

MASON, J.: On September 2, 1911, Charles Miles and Anna Miles executed to a bank a note and real-estate mortgage for $2,250, due in two years. Shortly afterwards they conveyed the land to a grantee who assumed the payment of the note and mortgage and later conveyed to J. A. Hamilton, who made a like assumption. Charles Miles and Anna Miles purchased the note and mortgage from the bank at the face value and on September 2, 1918, brought an action thereon against Hamilton, setting out these facts. A demurrer to their petition was sustained on the ground that its allegations showed the statute of limitations to have run. An amended petition was filed on February 1, 1919, to which a demurrer was likewise sustained on the same ground. The plaintiffs appeal from the latter ruling.

1. A preliminary question is raised by a contention of the defendant that as the plaintiffs did not appeal from the order sustaining the demurrer to the original petition and the time for such an appeal has expired, that ruling has become final and amounts to an adjudication that the facts relied upon by the plaintiffs as preventing the running of the statute, which were in substance set out in the first petition as well as in the second, do not have that effect. Of course no judgment was rendered upon the sustaining of the first demurrer. When that ruling was announced it was proper practice for the plaintiffs to take leave to amend, even if the purpose were merely to amplify or clarify the allegations already made. Having elected to file an amended petition, they could not appeal from the order sustaining a demurrer to the original pleading, for

that had been superseded. (*Robertson v. Christenson,* 90 Kan. 555, 135 Pac. 567.) Their omission to do so, therefore, cannot have the effect of converting the ruling into a final adjudication against them on the legal propositions involved.

2. The dates already given show that the action was begun just within the five-year period following the date named in the note for its payment. The mortgage, however, provided that if any interest should not be paid when due the whole of the debt, principal and interest, should immediately become due and payable. By the terms of the note a year's interest matured September 2, 1912, but no payment of any kind was made until June 21, 1913, when $1,000 was paid to the plaintiffs, being applied to the first year's interest and a part payment on the principal.

By the language of the acceleration clause referred to the default in the interest payment of its own force, without any declaration, notice, or exercise of an option on the part of the creditor, matured the entire debt, and started the running of the statute of limitations. (*National Bank v. Peck,* 8 Kan. 660; *Snyder v. Miller,* 71 Kan. 410, 80 Pac. 970; 17 R. C. L. 771.)

In the amended petition an allegation that the $1,000 payment was accepted by the plaintiffs in payment of the first year's interest and as a prepayment of part of the principal, is followed by the recital: "all defaults by the mutual consent of all parties herein and thereto being waived." Doubtless the pleader intended by these expressions to give his conception of the legal effect of the payment and its application, since no other concrete fact is stated. No waiver of any kind could result merely from the acceptance of a part of an overdue indebtedness. And even if the allegations could by great liberality of interpretation be regarded as amounting to a statement that an extension of the time of payment to the date of the original maturity had been expressly agreed to, an agreement to that effect would not be binding on the creditor because not supported by any legal consideration (8 C. J. 435-436), and if it did not bind him it could not impair the debtor's privilege of relying upon the statute of limitations. When the indebtedness matured by the default in the interest payment, it became due for all purposes. The

Miles v. Hamilton.

debtor owed the creditors the duty of paying the entire amount at once, and the partial performance of this obligation by the immediate payment of a part of the debt could not make enforceable a promise of forbearance, and as such a promise could not prevent the bringing of an action, it could not interfere with the running of the statute.

3. The plaintiffs contend that a written acknowledgment sufficient to make a new starting point for the statute resulted from the fact that in response to a letter from the plaintiffs to the defendant stating that the balance of the note and mortgage for $2,250 which he had assumed and agreed to pay, and on which he had already paid $1,000, was past due and that they wanted him to pay it, he sent an answer on April 19, 1914, reading as follows:

"Your letter received and am very much disgusted with the ones who are owing me. I am doing all I know to do to get some of the money as soon as possible but with no success so far. It seems almost impossible to get money as close as everyone is here this year. I am working a deal now to try and get part of the place in trade so I can arrange to get part or all of your amount. I am very sorry to have had to put this off on depending on what I had due me and expected to get long ago; however, I am going to make some kind of sale or deal on that place if it does lose me considerable, so I can meet your mortgage without much longer delay, hoping to do so before this may cause you more annoyance."

The established test of the sufficiency of a written acknowledgment to affect the running of the statute is that it "must be an unqualified and direct admission of a present subsisting debt on which the party is liable." (*Haythorn v. Cooper,* 65 Kan. 338, syl. ¶ 2, 69 Pac. 333.) A comparison of the phraseology of the writing just quoted with that of others to which this test has been applied would hardly be profitable, inasmuch as in each instance the language used is sufficiently unlike that employed in other cases to present a problem peculiar to itself. The court does not regard the defendant's letter as capable of being construed as a direct admission of his liability on the indebtedness secured by the mortgage, even if he had been the maker of the note. But here the solution of the question is aided by the fact that the defendant's obligation arises from the assumption of the debt inserted in the deeds through which he acquired title. His letter

may readily be said to indicate an intention on his part to pay off the mortgage. It is also entirely consistent with the existence of a legal obligation on his part to do so, and with his knowledge thereof. But it is equally consistent with the absence of any such personal obligation, or with his ignorance thereof, if it existed. If there had been no assumption of the mortgage debt in the deed to the defendant, or none in the deed to his grantor, or if he had supposed that the effect of these assumptions was merely to keep the mortgage in force as a lien against the property, he might still, by reason solely of his desire to save the land by paying off the mortgage which the former owners had placed upon it, have written every line of the letter in the utmost good faith, without the least thought of any obligation on his part to make the payment, and without indicating any recognition of a personal liability. There is nothing in the letter which acknowledges that the defendant owed any duty to the plaintiff—nothing indicating any intention on his part to pay off the indebtedness which could not be fully accounted for by a desire to save the mortgaged property.

The judgment is affirmed.