No. 24,709.

The Hayes Pump and Planter Company, *Appellant,* v. B. F. Taylor and A. E. Taylor, *Appellees.*

SYLLABUS BY THE COURT.

Debt—*Written Acknowledgment of Debt—Statute of Limitations.* An acknowledgment of a debt which will remove the bar of the statute of limitations must be distinct, unequivocal and without qualifications, and nothing less than a direct admission of a present existing liability is sufficient. Following *Durban v. Knowles,* 66 Kan. 397; *Hamilton v. Beaubien* 92 Kan. 944; *Corbett v. Hoss,* 98 Kan. 290.

Appeal from Sheridan district court; Charles I. Sparks, judge. Opinion filed October 6, 1923. Affirmed.

*F. A. Sloan,* of Hoxie, for the appellant.
*C. L. Thompson,* of Hoxie, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The question here presented is whether certain letters written by the defendant contained sufficient acknowledgment of an existing debt to remove the bar of the statute of limitations.

It is conceded that the action is barred unless there are statements in the letters constituting an acknowledgment of an existing liability. The statute prescribes that it must be a written acknowledgment of an existing liability signed by the party to be charged thereby. (Gen. Stat. 1915, § 6913.)

In *Durban v. Knowles,* 66 Kan. 397, 71 Pac. 829, it was said:

"An acknowledgment which will remove the bar of the statute of limitations must be distinct, unequivocal, and without qualification, and nothing less than a direct admission of a present existing liability is sufficient." (Syl.)

The plaintiff, in the instant case, on June 21, 1917, wrote the defendant as follows:

"We find Mr. Taylor that we have overlooked the matter of your long past due indebtedness to this firm. The original note for $304.42 signed by Taylor Bros. matured July 1st, 1912, and applying on this note we have only received two small payments under dates of May 16th, 1913, and November 3rd, 1914, for $40.00 and $20.00 respectively, so that the balance due on the face of the note is $244.42, interest accrued amounting to $111.45 or a total of $355.87. . . . You must understand that it will be impossible for us to carry this matter open on our records any longer, and should you and your brother fail to let us have the adjustment desired within a week, it will be necessary that we take immediate steps to protect our interests."

Again, on July 9th, plaintiff wrote the defendant, as follows:

"Much to our regret, however, you have failed to let us have the desired adjustment, and I am frank to say, Mr. Taylor, that I am indeed at a loss to understand your extreme negligence. . . . I am, therefore, writing you this letter simply to give you one more opportunity of making an equitable and business-like adjustment direct with us, but should you again ignore the matter it will be necessary that I forward the claim along to a local attorney with instructions to enter suit and secure judgment without delay."

The defendant replied:

"Gentlemen: Yours rec. and contents noted, would have answered first letter but had written my brother to see if he could do anything as he is in the government service and I have not heard from him yet, and I am sorry to say that I am not in shape to do anything either now, luck seems to have been again me, I have not had a crop since I came up here and this year is worse than ever, I had out 140 acres of wheat and 100 acres of barley and did not get anything, planted 135 acres of corn and 30 acres of feed this spring and it is burnt up now, have not had 1 inch of rain this year so it will be awful hard to get through till another year. We owed some other Cos. some too and early in the spring they offered to throw off the interest if I could raise the money, so a friend here let me have the money thinking we would sure have a crop this season, so I do not know when I can get you any money now, and I cannot say what my brother can do till I hear from him."

In *Hamilton v. Beaubien*, 92 Kan. 944, 142 Pac. 245, it was said:

"A general reference to an indebtedness of the author of certain letters or expressions in them of a desire and purpose to raise and pay money to one who was the holder of an obligation is not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient it must be a distinct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable." (Syl.)

It is contended by the plaintiff that the expression, "We owed some other Cos. some too," when taken together with the other language contained in the correspondence, was a sufficient acknowledgment of the debt. It can hardly be said that the statement is an acknowledgment of an existing indebtedness. It refers to a past time—a time previous to "this spring."

In *Corbett v. Hoss,* 98 Kan. 290, 157 Pac. 1195, where the question as to whether or not a letter contained acknowledgment of a debt, it was held that the expressions, "I hope I may be able to pay you soon," and "It is impossible for me to pay you on my account at present," did not constitute a sufficient acknowledgment.

In the Corbett case it was said: "To revive a debt by this means there must be an explicit written acknowledgment signed by the debtor of an existing debt upon which he is then liable." (p. 291.)

We do not regard the defendant's letter as a sufficient acknowledgment under the statute of an existing indebtedness. (See, *Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926; 107 Kan. 187, 190 Pac. 430.)

The judgment is affirmed.