No. 29,463.

J. B. HARBAUGH, *Appellee,* v. J. N. HERR, *Appellant.*

(289 Pac. 957.)

Opinion filed July 5, 1930.

*B. A. Earhart,* of Hutchinson, for the appellant.

*J. N. Tincher, Don Shaffer, Rubert G. Martin, Mabel J. Shaffer,* all of Hutchinson, and *Riley W. MacGregor,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The question involved in this appeal is whether a certain letter written by the maker of a note to the payee thereof is such an acknowledgment of an existing liability, debt or claim or promise to pay the same as will toll the statute of limitations under R. S. 60-312. The trial court held that it was, and overruled the demurrer of the defendant to the plaintiff's amended petition, from which ruling the defendant appeals.

The note upon which suit was brought was dated February 10, 1922. It was signed by the defendant, made payable to the plaintiff February 10, 1923, at the First National Bank of Medicine Lodge, and was for $336.17 with interest at eight per cent from date until paid.

The following is the exact language of the letter in question, a copy of which was attached to plaintiff's amended petition as an exhibit:

*"Dear Mr. Harbaugh:*                               HUTCHINSON, 5/15/25.

"Your letter received. I am not able to raise the money. Have just barely made enough for most urgent family needs. Had hopes the News Co. would do better by me, but seems no immediate prospect for increased pay. My family demands, however, will lessen next year. I hope to be able to do something then.

"Regarding placing the note for collection, you would not need to do this if I had the means. You know when I had something to apply I reduced the amount from $3,500 to the present figures, and I expect to complete the payment as soon as I can.

"I can appreciate your feeling in the matter and have worried a lot over it both on your account and Clate.      Sincerely yours,      J. N. HERR."

Appellant insists that the letter does not identify or specifically refer to the note on which suit was brought and is not such a distinct and unequivocal acknowledgment of a present existing liability or a definite promise to pay this particular note as is required by our statute, and cites 37 C. J. 1099; *Durban v. Knowles,* 66 Kan. 397, 71 Pac. 829; *Hawkins v. Brown,* 78 Kan. 284, 97 Pac. 479; *Hamilton v. Beaubien,* 92 Kan. 944, 142 Pac. 245; *Corbett v. Hoss,* 98 Kan. 290, 157 Pac. 1195; *Pump and Planter Co. v. Taylor,* 114 Kan. 380, 219 Pac. 258, and other cases—all to the effect that the acknowledgment must be a distinct and unequivocal admission of a present existing liability in order to toll the statute.

The question is, Does this letter meet these requirements? It is different from some of the letters in some of the cases cited in being addressed directly to the payee of the note, and it acknowledges receipt of a letter from him. The letter states that "I am not able to raise the money." "I hope to be able to do something then" (next year). The second paragraph of the letter refers to "the note" in regard to its being placed for collection, and then speaks of his having "reduced the amount from $3,500 to the present figures," and the writer immediately follows this with an expression of his intention, "and I expect to complete the payment as soon as I can."

In the case of *Pracht v. McNee,* 40 Kan. 1, 18 Pac. 925, the maker of the note sent the payee of the note a postal card containing the following language: "I will turn you over farmer's notes for the note you hold against me—the Fign note. Let me hear from you." It was held this was a sufficient identification of the note and acknowledgment of an existing liability.

In *Clark v. King,* 54 Kan. 222, 38 Pac. 281, the letter written stated that the writer thought the holder was a "little mistaken

about my notes amounting to over $800," and then mentions the "whole amount," "interest," proposed payments and balance according to his way of figuring it, and the court held it was a sufficient acknowledgment of an existing liability.

In *Disney v. Healey,* 73 Kan. 326, 85 Pac. 287, the court held the following letter was a sufficient acknowledgment of an existing indebtedness to toll the statute:

"Yours inclosing deed to execute received. You don't say anything about canceling my note. I am willing to make the deed, but must have the note and mortgage released, and note returned to me."

The most recent case cited is that of *Cosandier v. Junod,* 127 Kan. 524, 274 Pac. 276, where the maker wrote the following letter to the attorney for the holders:

" 'In reply to your letter of the 26th, will say that it is impossible for me to pay the note to Paul and Philip Cosandier at this time. I would like to know what you can do for me. I need more time on this, and would like to have the note renewed at least until some time this fall, say about January 1.' " (p. 525.)

The court, in holding it to manifest acknowledgment of existing liability on a promissory note, said:

"The letter said defendant needed more time on the note, which it was impossible for him presently to pay, and asked what plaintiffs could do for him. Unless there were an existing debt defendant did not need more time and did not need to have anything done for him." (p. 525.)

See, also, 37 C. J. 1099 *et seq.*

The identification in the case at bar is established by reference to the note; that is, naturally and reasonably, the note about which he is writing. Again, for further identification, he refers to the money which he is unable to raise and to having reduced the amount to the present figures. When he says he hopes to be able to do something next year it necessarily refers to raising the money, which he says he is now not able to do. This unequivocally shows that there is money due from him to the correspondent now which he is unable to raise. And when he refers to the present figures of the note after the amount had been reduced, and adds that he expects to complete the payment, he acknowledges there is a payment yet due, which is the present figure, the note, the reduced amount, about which amount the letter plainly indicates there is no question or difference of opinion by referring to it in these several different ways.

We have no hesitancy in concluding that this letter comes well within the rule as a sufficient, distinct and unequivocal acknowl-

cdgment in writing of a present, existing liability for the amount represented by the note in question, and that there was no error in overruling the demurrer of the defendant to the amended petition.

The judgment is affirmed.