No. 30,672.

THE WICHITA SANITARIUM, *Appellee,* v. JOHN H. BIERSCHBACH, *Appellant.*

(12 P. 2d 806.)

Opinion filed July 9, 1932.

C. L. Foster, of Sedgwick, for the appellant.

Z. Wetmore, George M. Ashford, John D. Edwards, all of Wichita, and James R. Stone, of Newton, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The main question involved in this appeal is whether the statements contained in two certain letters written by

the maker of the note upon which the action is brought constitute a sufficient acknowledgment of an existing liability under R. S. 60-312 to toll the five-year statute of limitations. The note itself is conceded to be barred by the statute, but the two letters are alleged to have been written by the defendant acknowledging the indebtedness within five years prior to the bringing of the action. The trial court overruled the demurrer of the defendant to the petition, and defendant appeals.

Copies of the two letters were attached to the petition as exhibits, and the particular portions of these letters relied upon by the appellee to constitute the necessary acknowledgment are as follows:

*(From first letter.)*

"In answer to yours of August 11, 1926, will say I am very much surprised to know that the Kansas Sanitarium should choose to be your client in my case. I've paid them all the profits from a half to three quarters of a section of land for more than two years, and for the same case I am still paying, and continue to do so to the end of my endurance. I have an open account with the client you have wrote me about, which I am going to whittle out of existence first . . . because I have obligated myself in my estimation is no reason why I should sacrifice my whole year's labor for the sole purpose of partly satisfying a part of my creditors. I feel obligated to all. . . .

"Gentlemen, this open account as well as the note you hold or refer to is for the care of my younger brother . . . which should cause the sanitarium to turn my obligations to you gentlemen for collection.

". . . I will ask you to please hold yourself, for I must catch my breath before I can do anything very big. . . .

"So it is time I am needing."

*(From second letter.)*

"No creditor has ever lost a nickle on my part. . . . Now, listen: I told you my intentions in my previous letter."

The letters were not written directly to the holder of the note, but to its agent or representative. The first part of the first letter refers to an open account which he is going to get out of existence first, presumably before the note, and later he speaks of the open account as well as "the note you hold or refer to" being for the care of his brother, and of the sanitarium turning "my obligation to you gentlemen for collection." Are these statements acknowledgments of an existing liability, debt or claim? A mere reference to an indebtedness, without questioning its former existence or validity or a comparison of it with other indebtedness is not such an acknowledgment as has been held to be contemplated under the statute, R. S. 60-312.

It must be an unequivocal and direct admission of a present subsisting debt on which he is liable and which he is willing to pay. (*Hanson v. Towle, Adm'r*, 19 Kan. 273, and *Hamilton v. Beaubien*, 92 Kan. 944, 142 Pac. 245.) The most that can be said of these statements in the first letter is that they constitute a recognition of the existence of the note and the original indebtedness, which is not sufficient.

"An acknowledgment in writing that a debt once existed, but which does not contain an admission of a present, subsisting debt on which the party is liable, is insufficient to avoid the bar of the statute of limitations." (*Hawkins v. Brown*, 78 Kan. 284, syl. ¶ 3, 97 Pac. 479.)

"An acknowledgment which will remove the bar of the statute of limitations must be distinct, unequivocal, and without qualification, and nothing less than a direct admission of a present existing liability is sufficient." (*Durban v. Knowles*, 66 Kan. 397, syl., 71 Pac. 829.)

The same rule was followed in *Pump and Planter Co. v. Taylor*, 114 Kan. 380, 219 Pac. 258, where a letter stated, among other things, "We owed some other companies some too," and continued about endeavoring to borrow some money and concluded "so I do not know when I can get you any money now."

In the case of *Corbett v. Hoss*, 98 Kan. 290, 157 Pac. 1195, the letter stated, "it is impossible for me to pay any on my account at present . . . but I will try and scratch out if you will only be patient with me," and it was held not to constitute a distinct and unequivocal admission of a present existing debt.

A different situation was held to exist in the case of *Elder v. Dyer*, 26 Kan. 604, where the writer of the letter definitely referred to the note and the obligation of others in respect thereto and then said, "I do not want to be held longer on the note," and it was held the letter then and there acknowledged an existing liability.

Appellee urges that the last two statements in the first letter are equivalent to a request for an extension of time for payment of the note and a promise to pay it if given further time, citing *Cosandier v. Junod*, 127 Kan. 524, 274 Pac. 276. The statements made in these cases are very different. In the case at bar the writer asks the representative of the plaintiff "to please hold yourself, for I must catch my breath before I can do anything very big. . . . So it is time I am needing." A request that he hold himself so the writer can catch his breath, as he is needing time, is far from a request for an extension with a promise to pay. It offers no hope and gives no

promise of paying even in the distant future. In the case cited the writer, after identifying the note and saying it was then impossible for him to pay, stated, "I would like to know what you can do for me. I need more time on this, and would like to have the note renewed at least until some time this fall, say about January 1." (p. 525.) It was held to manifest asknowledgment of existing liability on the promissory note, for unless there was an existing debt, defendant did not need more time, and did not need to have anything done for him.

The statement as to the need of time in the instant case is also quite different from that contained in the letter set out in the case of *Harbaugh v. Herr*, 131 Kan. 235, 289 Pac. 957, where the writer said he hoped to be able to do something next year, that there would be no need of placing the note for collection if he had the means, and that he expected to complete the payment as soon as he could.

The first letter does not in our judgment meet the requirements for the purpose of tolling the statute, as expressed in the many authorities above cited. The second letter at most commends the writer as a solvent debtor and refers to the statement of his intentions as contained in his previous letter. Unless the statements were sufficient in the previous letter, the reference to them in the second would accomplish nothing in the way of tolling the statute.

Appellant has pointed out defects in some of the allegations of the petition with reference to the letters, but as there was no motion filed to make the petition more definite and certain, we have disregarded such defects and used the liberal rule of construction that applies in favor of the pleader as against a general demurrer.

Appellant also urges want of consideration for the note, but having reached the conclusion that it is barred by the statute of limitations, it is unnecessary to consider this question.

The judgment is reversed and the cause is remanded with directions to sustain the demurrer of the defendant to the petition.