No. 33,815

CORA E. UPDEGROVE, *Appellant*, v. MRS. J. V. COOPER, *Appellee*.

(78 P. 2d 843)

Opinion filed May 7, 1938.

*Harold R. Fatzer,* of Kinsley, for the appellant.
*John A. Etling* and *W. N. Beezley,* both of Kinsley, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action upon a note, commenced by the holder thereof against the surety thereon nearly seven years after the note became due and a few months after the death of the maker thereof. A copy of the note, with the endorsements of interest payments made thereon by the maker, was attached to the petition as an exhibit, and showed a payment of interest about nine months before the death of the maker. Another exhibit was attached which is a copy of a letter written by the surety to the plaintiff about six months before the commencement of this action.

There was nothing alleged in the petition as to the defendant having paid anything on the note herself, or having done anything concerning the same since she signed it as surety, until she wrote the letter to the plaintiff in answer to a letter from the plaintiff.

The defendant filed a demurrer to the petition attacking its sufficiency in stating a cause of action and also raising the question of the statute of limitations. The trial court sustained the demurrer, and from that ruling the plaintiff appeals.

There is no contention but that the action would be barred by the statute of limitations but for the letter written by the defendant. The following is a copy of the letter:

"MACKSVILLE, KANSAS,· January 8.

"*Miss Cora E. Updegrove, Hutchinson, Kansas.*

"Received your letter and in reply will say I talked with Frank last summer about the note and he told me he had not paid it all.

"I also know the note is still good as he had been paying as he could. I also know that my name is on the note as his security.

"I also know that I will be expected to pay it if Verna can't.

"She can't pay it now as an expected event in her family this month will take quite a little money.

"I don't know how soon I can pay it—might have to pay a little at a time. Wish you would tell me just how much the note was for and the date of the note. Also the rate of interest. Also the date, amount of each payment and how much was paid on the note and how much was paid on the interest. How much is there yet to pay? (Signed) Mrs. J. V. Cooper.

"Letter sent from Kinsley, Kansas, post-marked January 9, 1937, 2 p. m."

G. S. 1935, 60-312, is as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

Two elements must be found in the letter to bring the action within the statute of limitations under the provisions of the above-quoted statute: first, the identification of the original indebtedness, which is the note in this case, and as to that matter we must hold that the letter refers to the note set out in exhibit A and was signed by the defendant. The second element is that the letter should contain an unqualified acknowledgment of a present existing liability to pay the indebtedness. The appellant insists that the letter of the defendant fully meets that requirement and cites a number of cases where similar letters were held to have been sufficient for that purpose. Among such were *Elder v. Dyer*, 26 Kan. 604; *Pracht v. McNee*, 40 Kan. 1, 18 Pac. 925; *Clark v. King*, 54 Kan. 222, 88 Pac. 281; *Cosandier v. Junod*, 127 Kan. 524, 274 Pac. 276; *Harbaugh v. Herr*, 131 Kan. 235, 289 Pac. 957; *Hottell v. Kemp*, 139 Kan. 239, 31 P. 2d 64.

In the Elder case the surety, defendant, wrote to the holder of the note, among other things which were mostly about the principal, "I do not want to be held longer on that note," and such language was there held to have acknowledged an existing liability.

In the Pracht case the maker of the note wrote, "I will turn you over farmers' notes for the note you hold against me."

In the Clark case the defendant wrote the holder of the notes about "my notes" and the amount due thereon, "and you ask me to

pay $300, would leave $444." This was held to be a sufficient acknowledgment of an existing liability.

In the Cosandier case the maker of the note wrote the holder thereof that it was impossible for him to pay it at that time, that he needed more time on it and would like to have the note renewed. This was held to manifest acknowledgment of existing liability.

In the Harbaugh case the maker of the note wrote that he was unable to raise the money, that his expenses had been high but would be lessened next year and that he hoped to be able to do something then. He further stated that he had reduced the amount "to the present figures, and I expect to complete the payment as soon as I can." This was held to be "a distinct and sufficient acknowledgment of a present existing liability and identification of the liability with the note on which the suit is based."

In the Hottell case many letters were written by the maker of the note to the holder in which expressions like the following were used: "After harvest I will try and pay part, and get a loan on the rest." In another letter he said: "You will never lose a cent"; and in another, "Will do all I can as soon as I can." In a later letter it was stated, "As soon as I can get my crop to market I will do something for you, but don't know just how much." In another, "Will do anything I can to get some money for you as soon as I can." There were two subsequent letters of similar import and a further letter which stated, "But now if I can't get the money we can-deed you the land." These statements in letters were held to "constitute a sufficient acknowledgment of an existing liability under R. S. 60-312."

The wording of the letter in the case at bar is strong as to the identification of the note involved, but is not as strong as most of those above cited as to an acknowledgment of a, present existing debt or liability. The two portions of the letter upon which reliance must be had to make such acknowledgment are as follows:

"I also know that I will be expected to pay it if Verna can't.

. . . . . . . . .

"I don't know how soon I can pay it—might have to pay a little at a time."

The first sentence recognizes what the holder of the note expects of the defendant. The second sentence deals only with the matter of time and amount of possible payments. Neither of these, nor both of them together, seem to bring the statements fully within the rule as expressed in *Hawkins v. Brown*, 78 Kan. 284, 97 Pac. 479, as follows:

"An acknowledgment in writing that a debt once existed, but which does not contain an admission of a present, subsisting debt on which the party is liable, is insufficient to avoid the bar of the statute of limitations." (Syl. ¶ 3.)

In *Durban v. Knowles*, 66 Kan. 397, 71 Pac. 829, it was held:

"An acknowledgment which will remove the bar of the statute of limitations must be distinct, unequivocal, and without qualification, and nothing less than a direct admission of a present existing liability is sufficient." (Syl.)

In *Corbett v. Hoss*, 98 Kan. 290, 157 Pac. 1195, the letter, among other things, stated:

". . . it is impossible for me to pay any on my account at present . . . but I will try and scratch out if you will only be patient with me."

And it was there held that it did not constitute an acknowledgment within the meaning of the statute.

The syllabus in the case of *Hamilton v. Beaubien*, 92 Kan. 944, 142 Pac. 245, is as follows:

"A general reference to an indebtedness of the author of certain letters or expressions in them of a desire and purpose to raise and pay money to one who was the holder of an obligation is not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient it must be a distinct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable."

In the case of *Pump and Planter Co. v. Taylor*, 114 Kan. 380, 219 Pac. 258, the defendant wrote about having written to his brother and not having heard from him, and further stated:

". . . I am sorry to say that I am not in shape to do anything either now . . . so it will be awful hard to get through till another year. We owed some other Cos. some, too, and early in the spring they offered to throw off the interest if I could raise the money, so a friend here let me have the money, thinking we would sure have a crop this season, so I do not know when I can get you any money now, and I cannot say what my brother can do till I hear from him."

It was there held:

"An acknowledgment of a debt which will remove the bar of the statute of limitations must be distinct, unequivocal and without qualifications, and nothing less than a direct admission of a present existing liability is sufficient." (Syl.)

In the recent case of *Wichita Sanitarium v. Bierschbach*, 136 Kan. 84, 12 P. 2d 806, where the letter expressed the need of time, it was held:

"Where a debtor simply mentions the need of time in a letter to the representative of the creditor, in connection with the indebtedness under consideration and other indebtedness of his, it is too indefinite in and of itself

to constitute an acknowledgment of present existing liability sufficient to avoid the bar of the statute of limitations." (Syl. ¶ 2.) (See, also, along the same line, *Haythorn v. Cooper,* 65 Kan. 338, 69 Pac. 333; *Lewis v. Norris,* 80 Kan. 620, 103 Pac. 134; and *Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926.)

In line with the above-cited decisions, we have no difficulty in concluding that the letter of the defendant taken in the most favorable attitude for the plaintiff and with all proper inferences, which is the correct rule upon the hearing of a demurrer, does not express a definite acknowledgment of a present existing indebtedness or liability and that there was no error in the sustaining of the demurrer to the petition.

The judgment is affirmed.