No. 38,825

DECHAND ROOFING & SUPPLY CO., INC., *Appellant,* v. LAWRENCE SCHUMAKER, *Appellee.*

(254 P. 2d 326)

Opinion filed March 7, 1953.

*George E. McCullough,* and *Robert L. Kimbrough,* of Topeka, were on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

WERTZ J.: This is an appeal from a judgment of the trial court sustaining a demurrer to plaintiff's petition on the ground that the action was barred by the statute of limitations. The action was upon an open account in the sum of $650.27 for the installation of a furnace in April, 1946, and a reinstallation in May, 1947. Two credits for payments in the sum of $100 each were made on May 13, 1947, and May 28, 1948, respectively, leaving a balance due on the latter date of $450.27. Plaintiff commenced this action for the balance due on the open account on January 30, 1952, more than three years after the last credit on the account, and to save the action from the bar of the three year statute of limitations (G. S. 1949, 60-306, Second), alleged in a subsequent amended petition that on February

1, 1949, and also on February 16, 1952, defendant wrote and signed certain letters to the plaintiff in which he acknowledged the indebtedness evidenced by the account as an existing obligation. The letters relied upon by the plaintiff as sufficient to toll the statute of limitations are as follows:

"Feb. 1, 1949

"Sirs:

"In regards to the payment on furnace, I have a lien coming through on the place and though I would have settlement by Feb. 1rst but was informed, A M that the title is still not clear, but will be by the end of this week."

"Yours L. N. Schumaker."

"St. Marys, Ks.
"2-16-52

"Sirs:

"I read a summons for the bill which you say I owe you.

"You have the amount at $450.27. When I bought the Furnace in 1944 the amount was to be $478.00 installed complete. At which time, I had the Money and wanted to pay for Same. Your Salesman did not want any money until the furnace was installed. Since that time I have lost everything I had but will make a settlement with you in this way will pay $25 per mo for 12 months. This will be $500.00 for furnace. The furnace would of been paid by a son I have in Korea if the Amt. would of been what it should of been. It is Impossible for me to pay the amt in Cash now. As the bank has my property for sale now. and are going to foreclose soon. If I cannot make payment.

"Yours
"L. N. Schumaker
"St. Marys"

Appellant contends that the statements contained in the mentioned letters of February 1, 1949, and February 16, 1952, were sufficient written acknowledgment of the account as an existing liability to toll the statute of limitations, and that the court erred in sustaining the demurrer to his petition. Plaintiff relies on G. S. 1949, 60-312, which reads as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

We have been called upon many times to construe the mentioned statute, and we have consistently held that to interrupt the running of the statute of limitations against an existing liability, debt or

demand, or to revive such a liability already barred by the statute, there must be a distinct and unequivocal acknowledgment of the obligation as a present, existing liability. (*Golden Rule Oil Co. v. Liebst*, 153 Kan. 123, 125, 109 P. 2d 95, and cases therein cited.)

In *Hottell v. Kemp*, 139 Kan. 239, 31 P. 2d 64, at page 242 we stated:

"The general rule as to the character and sufficiency of such acknowledgments is that they must be clear and unequivocal, of such a character that a promise to pay the debt may be inferred or contain nothing inconsistent with such an inference, and must sufficiently identify the debt or be of such a character that there is no uncertainty as to the debt referred to. (See 17 R. C. L. 891; 37 C. J. 1104 *et seq.*) And our cases hold that there must be a distinct and unequivocal acknowledgment of a present existing liability or a definite promise to pay the note or account. (See *Harbaugh v. Herr*, 131 Kan. 235, 289 Pac. 957, and the cases cited, and *Wichita Sanitarium v. Bierschbach*, 136 Kan. 84, 12 P. 2d 806, and cases cited.)

"In *Hamilton v. Beaubien*, 92 Kan. 944, 947, 142 Pac. 245, some of the earlier decisions are reviewed, and it was said:

'The phraseology of an acknowledgment is not important, but to remove the bar something more than vague general expressions of a desire and purpose to pay money to another is necessary, and nothing short of a distinct, direct and unequivocal admission of a present subsisting liability is sufficient.' (p. 947.)

"In *Carbett v. Hoss*, 98 Kan. 290, 291, 157 Pac. 1195, the test was said to be:

'To revive a debt by this means there must be an explicit written acknowledgment signed by the debtor, of an existing debt upon which he is then liable.'"

In *Hamilton v. Beaubien*, supra, we said:

"A general reference to an indebtedness of the author of certain letters or expressions in them of a desire and purpose to raise and pay money to one who was the holder of an obligation is not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient it must be a distinct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable." (Syl.)

In the more recent case of *Updegrove v. Cooper*, 147 Kan. 752, 78 P. 2d 843, we reviewed the many decisions of this court interpreting the foregoing statute, and concluded that in order for a letter of a debtor on an account to be sufficient to remove the bar of the statute of limitations, the letter must contain a distinct and unequivocal acknowledgment of a present existing debt for which the writer admits liability.

An acknowledgment in writing that a debt once existed but which does not contain an admission of a present subsisting debt on which

the party is liable is insufficient to avoid the bar of the statute of limitations.

Tested by the foregoing well-established rules of law, a careful examination of the contents of defendant's letters reveal that they contain nothing more than a general reference to an indebtedness. The second letter, by implication, is a denial of the liability. The letter begins with the words: "I read a summons for the bill which you say I owe you." There is no acknowledgment in this statement of a present existing liability. The letter further states that when he bought the furnace in 1944 the total amount was to be $478 (not $650.27, the amount sued for). Since that time defendant paid $200 on the account and, by impliciation, denies liability but says inasmuch as he has been sued, he will offer a compromise of the lawsuit by paying $25 a month for 12 months, and further stated, had the amount for the furnace installation been correct, as agreed upon, it would have been paid by his son. This offer of compromise cannot be construed as an unequivocal admission of a present existing liability.

In line with the above-cited decisions of this court, we have no difficulty in concluding that the letters of the defendant, taken in the most favorable light for the plaintiff, and with all proper inferences, which is the correct rule upon the hearing of a demurrer, are too indefinite and uncertain, in and of themselves, to constitute an acknowledgement of a present existing indebtedness or liability sufficient to avoid the bar of the statute of limitations, as contemplated by G. S. 1949, 60-312. The trial court did not err in sustaining the demurrer to the plaintiff's petition.

The judgment is affirmed.