No. 43,687

James T. Klepper, *Appellee*, v. Henry David Stover, Individually, and as Administrator with the Will Annexed of the Estate of Henry B. Stover, Deceased, and Theresa Stover, residuary legatee and devisee of Henry R. Stover, deceased, *Appellants*.

(392 P. 2d 957)

Opinion filed June 6, 1964.

*Clarence H. Wood*, of Kansas City, argued the cause, and *James L. Baska*, of Kansas City, was with him on the briefs for the appellants.

No appearance for appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal, in a suit to construe a lease and reform the legal description of certain real property, from the trial court's order of April 2, 1963, overruling defendants' motion to strike paragraphs No. 10 and No. 11 of plaintiff's first cause of action set out in his second amended petition, and its order of May 14, 1963, overruling defendants' demurrer to the same pleading.

On February 22, 1963, plaintiff filed his second amended petition alleging in pertinent part that he had obtained all the interest of the lessee in the twenty-five year lease executed and delivered to Edward F. Murray, Jr., on June 5, 1954, by decedent, Henry B. Stover, and his then wife; on October 25, 1954, Murray assigned the lease to William H. Kendall, who, on September 20, 1957, assigned it to the Citizens State Bank of Randolph, Kansas, and on January 20, 1961, the bank assigned the interest to plaintiff. The interests of defendants, as reflected in the above title of the case, were then explained in more detail. The legal description recited in the lease was erroneous, it did not describe the premises the parties intended to be leased, or that they intended to have described therein. The lease reads,

"Lots Two (2) and Three (3), Block Five (5), Lot III of Special Section Four (4) of Township Eleven (11), Range Six (6)  . . .,"

while the parties intended the description to read:

"Southwest 119.3 feet of Lot 1 and all of Lot 2.  . . ."

In order to conform to the actual intention of the parties the lease should be reformed by substituting the last-quoted description covering lots one and two for the description covering lots two and three because the lessees had in good faith erected improvements upon lots one and two while decedent and defendants had retained title to lot three.  Further, Murray and his assignees, including plaintiff, had never claimed possession of lot three.  Rents had been paid and accepted by defendants and their predecessors in title for eight years and they were fully apprised and aware of the exact premises used by the lessees.  The description presently in the lease was a mutual mistake and the error should be corrected. Improvements were erected on the land by the parties who were not aware of the mistake in the lease until January 20, 1961, when plaintiff had the property surveyed prior to erecting new improvements thereon.  By reason of the above, the defendants are estopped from raising the bar of any statutory limitation as a defense herein.

In plaintiff's second cause of action he alleged that the lease contained a paragraph handwritten in ink relative to an increase in the annual rent in the event the property was annexed by and incorporated into the city of Junction City.  Plaintiff anticipated disagreement between the parties as to the construction of this portion of the lease and in furtherance of justice, the court should construe the handwritten paragraph as to its date of effectiveness, the amount now due, and the date on which additional sums, if any, shall be due from the first party to the second parties.

Paragraph No. 10 of the petition alleged the original parties and their successors and assigns were unaware of the mistake in the description of the property above referred to until the date of the survey on January 20, 1961, and paragraph No. 11 alleged that irrespective of any question of the statute of limitations, defendants were estopped from raising the bar because of the allegations in paragraphs Nos. 8, 9, and 10, and the conduct of the parties after the execution of the lease.

In *McClelland v. Barrett*, 193 Kan. 203, 392 P. 2d 951, this day decided, appropriate and controlling general rules were succinctly

stated to the effect that on appeal error is never presumed and the burden rests on the party alleging error to show it in the record, and further, a presumption of validity attaches to a judgment of the district court until the contrary is shown, and before this court will set aside such judgment, it must affirmatively appear the judgment is erroneous. (2 West's Kansas Digest, Appeal & Error, § 901; 1 Hatcher's Kansas Digest, rev. ed., Appeal & Error, § 538.) In addition, the error complained of must also prejudically affect the substantial rights of the complaining party. (G. S. 1949, 60-3317.)

This court would have appreciated the courtesy and assistance plaintiff, appellee here, could have given had he seen fit to file a brief in this case and make an oral argument in support thereof. However, we are bound to recognize long-standing rules relative to the estoppel of defendants to raise the bar of the state of limitations here.

Defendants refer us to the very respectable decisions of *Regier v. Amerada Petroleum Corp.*, 139 Kan. 177, 30 P. 2d 136; *Travis v. Glick*, 150 Kan. 718, 96 P. 2d 624; *Collins v. Richardson*, 168 Kan. 203, 212 P. 2d 302; *Siegel v. Hackler, Administrator*, 181 Kan. 316, 310 P. 2d 914, and we have no quarrel with the rules expressed therein, but thorough consideration thereof shows those cases to be distinguishable from the case at bar.

Defendants also call our attention to the recent case of *Rex v. Warner*, 183 Kan. 763, 332 P. 2d 572. An equitable note and mortgage were the gist of that action. Plaintiff's petition therein clearly showed the statute of limitations had run but the effect was sought to be avoided on the ground the defendants were estopped to rely upon the statute of limitations. We held the facts alleged were not sufficient to invoke the doctrine of equitable estoppel *in pais*, and there stated:

". . . to invoke the doctrine, the debtor or defendant must have done something that amounted to an affirmative inducement to plaintiff to delay bringing the action." (p. 771.)

While from a factual standpoint the Rex case is distinguishable from our present one, the above statement of the rule of law indicates there are exceptions to the application of statutes of limitation based upon equitable estoppel. Generally speaking, in equity where mistake is sought to be corrected, limitation statutes do not begin to run on the cause of action until the time when the

mistake is discovered or when by use of due diligence it ought to have been discovered. (34 Am. Jur., Limitation of Actions, § 174, p. 139.) This is particularly true where a mistake is the basis of the gravamen of the action (53 C. J. S., Limitations of Actions, § 91, b., p. 1067, c., p. 1069.) Mistake and fraud are closely akin to each other. To apply the doctrine of estoppel to defendants here upon the ground of the statute of limitations requires an element of deception upon which the plaintiff acted in good faith in reliance thereon to his prejudice whereby he failed to commence the action within the statutory period. Whether the acts, promises, or representations of defendants lulled plaintiff into a sense of security, preventing him from filing suit before the running of the statute is a question of fact. (34 Am. Jur., Limitation of Actions, § 412, pp. 324, 325.)

If a defendant, electing to rely on the statute of limitations, has previously by deception or in violation of his duty toward plaintiff, caused him to subject his claim to the statutory bar, defendant must be charged with having wrongfully obtained an advantage which the court will not allow him to hold, and this can be done by his silence when under an affirmative duty to speak. (53 C. J. S., Limitations of Actions, § 25, Estoppel, pp. 963, 964.)

In testing the propriety of the trial court's ruling on the demurrer herein, but not determinative of any issues affecting the merits of the case, we believe there are sufficient allegations in plaintiff's petition to allege an equitable estoppel against defendants' attempt to invoke the statute of limitations as a bar to plaintiff's cause of action. (*Railway Co. v. Pratt*, 73 Kan. 210, 85 Pac. 141; *Safeway Stores v. Wilson*, 190 Kan. 7, 372 P. 2d 551; *Farmers Mutual Automobiles Ins. Co. v. Dealers Auto Transport*, 192 Kan. 678, 391 P. 2d 307.)

We are convinced that defendants have failed to make it affirmatively appear the trial court's order prejudicially affected their substantial rights and such order, therefore, was correct.

Judgment affirmed.