NOT DESIGNATED FOR PUBLICATION

No. 121,063

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MIGUEL CASTRO-TREJO,
*Appellant*,

v.

YOLANDA MORENO

and

TRAVELERS PROPERTY & CASUALTY COMPANY OF AMERICA,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed January 31, 2020. Affirmed.

*Charles S. Scott Jr.*, of Shawnee, for appellant.

*Thomas G. Munsell* and *Lindsay A. Schermer*, of Morrow Willnauer Church, L.L.C., of Kansas City, Missouri, for appellees.

Before WARNER, P.J., POWELL, J., and LAHEY, S.J.

PER CURIAM: Miguel Castro-Trejo brings this appeal after the Kansas Workers Compensation Appeals Board affirmed the dismissal of his workers compensation claim for not bringing his claim within the statute of limitations period. Castro-Trejo argues equitable estoppel should prevent the dismissal of his claim because his failure to bring the claim within the allotted time was due to him being in active settlement negotiations. Finding no error, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2015, Castro-Trejo injured his elbow, wrist, and head when he fell from the roof of a two-story house during the normal course of his employment. Castro-Trejo was employed by Charlie Hernandez, a subcontractor of Yolanda Moreno, who was insured by Travelers Property & Casualty Company of America. On July 8, 2015, Castro-Trejo filed an application for hearing with the Division of Workers Compensation against Moreno and Travelers. Then on August 11, 2015, Castro-Trejo filed an application for hearing against his employer, Hernandez, and his employer's purported insurer, Travelers. Ultimately, it was discovered that Hernandez did not have insurance, so under K.S.A. 44-503(g), Moreno insured Castro-Trejo.

Nearly a year and a half passed with no prosecution by Castro-Trejo of his claim. Then, in January 2017, he filed a notice of intent letter under K.S.A. 44-534a(a), which requested that Moreno and Travelers provide workers compensation benefits within seven days of service, and that if the benefits were not provided he would then file an application for preliminary hearing to request an administrative law judge (ALJ) award him benefits. No benefits were provided, but no application for a preliminary hearing was made either.

Seven more months passed. On August 14, 2017, Castro-Trejo's counsel, Charles S. Scott Jr., submitted a settlement offer to Hernandez' then-counsel, Randall W. Schroer, to settle for $7,500 plus the payment of Castro-Trejo's medical bills. Schroer indicated he lacked the authority to respond to the offer at that time, and he was preparing for trial and probably would not have an answer until the next week. On September 13, 2017, Scott inquired with Schroer about the status of the settlement offer. Schroer responded that he did not have a response to the offer and that he was preparing for a trial in St. Louis next week and would not be able to follow up at this time. Scott asserted that through the rest

of 2017 and into 2018 he made several unanswered phone calls to Schroer about the settlement and that those phone calls went unreturned.

Castro-Trejo did not file a motion for extension of time under K.S.A. 2018 Supp. 44-523(f)(1), nor did the claim proceed to a regular hearing, settlement hearing, or an agreed award within the three-year statute of limitations period contained in K.S.A. 2018 Supp. 44-523(f)(1).

On October 11, 2018, three years after Castro-Trejo filed his two hearing applications, Moreno and Travelers sought dismissal of Castro-Trejo's claim under K.S.A. 2018 Supp. 44-523(f)(1). At the hearing on the dismissal request, Scott conceded that the conditions for dismissal under K.S.A. 2018 Supp. 44-523(f)(1) were met but argued that the failure to comply with the statute of limitations should be excused under equitable estoppel because counsel believed ongoing settlement negotiations would resolve the claim. In support, counsel pointed to the unreturned phone calls as signs of active negotiations. At the time of the hearing Moreno and Travelers had new counsel, who stated that she could not speak to the unanswered phone calls by former counsel, but she argued the plain language of the statute should control and the claim should be dismissed. Ultimately, the ALJ held that the conditions for dismissal under K.S.A. 2018 Supp. 44-523(f)(1) had been satisfied and denied Castro-Trejo's request to extend the statute of limitations period under the doctrine of equitable estoppel. The claim was dismissed with prejudice.

Castro-Trejo appealed the decision to the Kansas Workers Compensation Appeals Board. The Board held the claim had been properly dismissed because it had not been brought within the allotted time and Castro-Trejo had not moved to extend the time limitation. The Board rejected Castro-Trejo's equitable estoppel argument, finding it did not apply because Castro-Trejo was not "lulled by Travelers into a sense of security that he need not protect his rights, including the need to file a motion to extend the three year

3

time frame set forth in K.S.A. 2018 Supp. 44-523(f)(1)" and concluded: "There was no proof of established intent by Travelers to deceive Castro-Trejo." The Board explained that counsel for Travelers' response that he had no answer regarding a settlement did not show any intent to deceive or that Travelers would abandon application of K.S.A. 2018 Supp. 44-523(f)(1) and that Castro-Trejo's attorney should disregard it. Moreover, the Board found that counsel for Travelers' failure to respond to settlement offers established that settlement negotiations were not ongoing. The Board stated that "[a]t best, there was a monologue from Castro-Trejo; Travelers did not join in on any ongoing dialogue." The Board affirmed the ALJ's dismissal of the claim.

Castro-Trejo now appeals to us.

### WAS CASTRO-TREJO'S WORKERS COMPENSATION CLAIM PROPERLY DISMISSED?

On appeal, Castro-Trejo argues his workers compensation claim was improperly dismissed. Specifically, he argues that the doctrine of equitable estoppel should extend the three-year statute of limitations period under which he had to bring the claim because his employer's active settlement negotiations deterred him from adjudicating the claim. Moreno and Travelers respond that the plain language of the statute should control and there is enough evidence to support the Board's finding that Castro-Trejo was not lulled into inaction by their actions.

K.S.A. 2018 Supp. 44-556(a) directs that final orders of the Workers Compensation Board are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., as amended. The standard of review will vary depending upon the issue raised. See K.S.A. 2018 Supp. 77-621 (defining and limiting scope of review of administrative decisions under KJRA).

4

Castro-Trejo challenges the Board's factual finding that he was not lulled into inaction by Moreno and Travelers. "Whether the acts, promises, or representations of defendants lulled plaintiff into a sense of security, preventing him from filing suit before the running of the statute is a question of fact." *Klepper v. Stover*, 193 Kan. 219, 222, 392 P.2d 957 (1964). We review a challenge to the Board's factual findings in light of the record as a whole to determine whether the findings are supported to the appropriate standard of proof by substantial evidence. K.S.A. 2018 Supp. 77-621(c)(7). K.S.A. 2018 Supp. 77-621(d) defines "'in light of the record as a whole'" as meaning

> "the adequacy of the evidence in the record before the court to support a particular finding of fact shall be judged in light of all the relevant evidence in the record cited by any party that detracts from such finding as well as all of the relevant evidence in the record, compiled pursuant to K.S.A. 77-620, and amendments thereto, cited by any party that supports such finding, including any determinations of veracity by the presiding officer who personally observed the demeanor of the witness and the agency's explanation of why the relevant evidence in the record supports its material findings of fact. In reviewing the evidence in light of the record as a whole, the court shall not reweigh the evidence or engage in de novo review."

"Substantial evidence" refers to "'evidence possessing something of substance and relevant consequence to induce the conclusion that the award was proper, furnishing a basis [of fact] from which the issue raised could be easily resolved.'" *Rogers v. ALT-A&M JV*, 52 Kan. App. 2d 213, 216, 364 P.3d 1206 (2015).

When determining fact questions, we are required to

> "(1) review evidence both supporting and contradicting the agency's findings; (2) examine the presiding officer's credibility determinations, if any; and (3) review the agency's explanation as to why the evidence supports its findings. The court does not reweigh the evidence or engage in de novo review. [Citations omitted.]" *Williams v. Petromark Drilling*, 299 Kan. 792, 795, 326 P.3d 1057 (2014).

5

Our review is unlimited as to questions involving the interpretation or construction of a statute, and we owe no deference to the Board's interpretation or construction. *Fernandez v. McDonald's*, 296 Kan. 472, 475, 292 P.3d 311 (2013).

K.S.A. 2018 Supp. 44-523(f)(1) states:

"In any claim that has not proceeded to a regular hearing, a settlement hearing, or an agreed award under the workers compensation act within three years from the date of filing an application for hearing pursuant to K.S.A. 44-534, and amendments thereto, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. The administrative law judge may grant an extension for good cause shown, which shall be conclusively presumed in the event that the claimant has not reached maximum medical improvement, provided such motion to extend is filed prior to the three year limitation provided for herein. If the claimant cannot establish good cause, the claim shall be dismissed with prejudice by the administrative law judge for lack of prosecution."

Under the plain language of K.S.A. 2018 Supp. 44-523(f)(1), a claimant has three years to either (1) proceed to a regular hearing, a settlement hearing, or an agreed award, or (2) request an extension of time under which to proceed to a hearing for good cause shown. If the claimant fails to do either of these things, the employer may request dismissal of the claim. See *Glaze v. J.K. Williams*, 309 Kan. 562, Syl., 439 P.3d 920 (2019).

Here, Castro-Trejo conceded that he did not comply with the three-year statutory time limit. He argues that his failure to comply with the time limit should be excused under equitable estoppel because counsel believed ongoing settlement negotiations would resolve the claim. The doctrine of equitable estoppel "can be applied to bar a party from relying on the defense of the statute of limitations." *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 116, 991 P.2d 889 (1999).

6

"Equitable estoppel is the effect of the voluntary conduct of a party whereby it is precluded, both at law and in equity, from asserting rights against another person relying on such conduct. A party seeking to invoke equitable estoppel must show that the acts, representations, admissions, or silence of another party (when it had a duty to speak) induced the first party to believe certain facts existed. There must also be a showing the first party rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts. There can be no equitable estoppel if any essential element thereof is lacking or is not satisfactorily proved. Estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction. A party may not properly base a claim of estoppel in its favor on its own wrongful act or dereliction of duty, or for acts or omissions induced by its own conduct. [Citations omitted.]" *Gillespie v. Seymour*, 250 Kan. 123, 129-30, 823 P.2d 782 (1991).

A party must sue within the period statutorily required even if liability has been admitted and a proposal made to negotiate a settlement in the future has been made. See *Coffey v. Stephens*, 3 Kan. App. 2d 596, 598, 599 P.2d 310 (1979).

"[F]raud, bad faith, or the intent to deceive is not essential to create an estoppel. *Rex v. Warner*, 183 Kan. 763, 770-72, 332 P.2d 572 (1958). But using equitable estoppel to bar application of the statute of limitations requires an element of deception. *Klepper*, 193 Kan. at 222. . . . [I]n order to be estopped by silence, the defendant must have the intent to deceive, or at least a willingness that others would be deceived, and reason to believe that others would rely on such silence. *Turon State Bank*, 235 Kan. at 790." *Dunn v. Dunn*, 47 Kan. App. 2d 619, 639, 281 P.3d 540 (2012), *rev. denied* 296 Kan. 1129 (2013).

Kansas courts have applied the doctrine of equitable estoppel in workers compensation cases. *Marley v. M. Bruenger & Co., Inc.*, 27 Kan. App. 2d 501, 505, 6 P.3d 421, *rev. denied* 269 Kan. 933 (2000).

A review of the record reflects substantial evidence supporting the Board's finding that Castro-Trejo was not lulled into inaction by Moreno and Travelers. There is no evidence that Moreno and Travelers intended to deceive Castro-Trejo to alter his conduct. Castro-Trejo filed his applications for hearings in July and August 2015. Nearly a year and a half passed with inaction on Castro-Trejo's part. He then filed a notice of intent letter which requested that Moreno and Travelers provide workers compensation benefits within seven days of service; if the benefits were not provided then he would file an application for preliminary hearing, which would request that an ALJ award him the benefits. No benefits were provided, and no application for hearing was filed. Nearly seven more months passed before any more action was taken in the case when Scott emailed Moreno and Travelers' attorney in August 2017 to confirm Castro-Trejo's settlement offer. Moreno and Travelers' attorney stated he lacked authority to accept any settlement offer. Scott emailed again in September 2017 after hearing nothing regarding the settlement offer, and opposing counsel said he did not have a response to the settlement offer and that he would not "be able to follow up on this at this time" because he was preparing for a trial. Scott then alleged that after this email exchange he made several unanswered phone calls to opposing counsel seeking to get an answer on Castro-Trejo's settlement offer, but these calls were unreturned.

Regarding the phone calls the Board found:

"Accepting as true the premise that the attorney for Travelers consistently disregarded, ignored and would not return calls regarding settlement made by Castro-Trejo's attorney, equitable estoppel still does not apply. Such conduct would establish that settlement negotiations were *not* ongoing, such that Castro-Trejo should not have been lulled into a sense of not protecting his rights under the Kansas Workers Compensation Act. It seems incongruous to contend that settlement negotiations were ongoing when they were not. At best, there was a monologue from Castro-Trejo; Travelers did not join in on any ongoing dialogue."

We agree. There is no evidence that Moreno and Travelers' counsel ever actively or substantively engaged in settlement negotiations that would lull Castro-Trejo into a sense of security. Any attempt to negotiate a settlement appears to be one-sided on Castro-Trejo's part. As "[e]quity aids the vigilant and not those who slumber on their rights," *Rex v. Warner*, 183 Kan. 763, 771-72, 332 P.2d 572 (1958), the lack of opposing counsel's engagement in settlement discussions should have triggered Castro-Trejo to, at the least, file for an extension of time to bring the case to a hearing under K.S.A. 2018 Supp. 44-523(f)(1). There was no deception on the part of Moreno and Travelers enough to lull Castro-Trejo to sleep on his rights.

Castro-Trejo also argues there was deception and estoppel by silence present because Moreno and Travelers' counsel had a duty to be honest and forthright with Castro-Trejo's attorney under Kansas Rule of Professional Conduct 4.1 (2019 Kan. S. Ct. R. 361) (truthfulness in statements to others). However, Castro-Trejo did not raise this argument before the Board, nor did he raise it in his petition for judicial review. Issues not raised below cannot be raised on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011).

Finally, Castro-Trejo argues that his delay in bringing his claim for hearing or requesting an extension of time was reasonable to prevent unnecessary costly litigation. However, like his argument surrounding KRPC 4.1, he did not raise this argument below, and we will not address it.

The Board correctly declined to apply the doctrine of equitable estoppel and properly upheld the dismissal of this case because Castro-Trejo failed to exercise his rights within the time provided for in K.S.A. 2018 Supp. 44-523(f)(1).

Affirmed.

9